CLERK,
U.S. COURT OF APPEALS, FOURTH CIRCUIT
1100 EAST MAIN ST, 5th FLOOR
RICHMOND, VA 23219

RECEIVED
2023 DEC -4 P 3: 11
U.S. COURT OF APPEALS
FOURTH CIRCUIT

11/27/23

TO THE CLERK:

Hello. I hope this finds you well. Enclosed you will find my informal brief and certificate of service. I respectfully request that this be filed on my behalf.

I thank you for your time and assistance with this matter, and for your service to the Fourth Circuit.

Respectfully,

Shelli Dillon

SHEBRI S. DILLON
VCCW, #1747708
3521 WOODS WAY
STATE FARM, VA

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

**INFORMAL BRIEF FOR HABEAS AND SECTION 2255 CASES**

No. 23-6995,  Shebri Dillon v. Harold Clarke
7:22-cv-00215-JPJ-PMS

## 1. Declaration of Inmate Filing

An inmate's notice of appeal is timely if it was deposited in the institution's internal mail system, with postage prepaid, on or before the last day for filing. Timely filing may be shown by:

- a postmark or date stamp showing that the notice of appeal was timely deposited in the institution's internal mail system, with postage prepaid, or
- a declaration of the inmate, under penalty of perjury, of the date on which the notice of appeal was deposited in the institution's internal mail system with postage prepaid. To include a declaration of inmate filing as part of your informal brief, complete and sign the declaration below:

---

**Declaration of Inmate Filing**

Date NOTICE OF APPEAL deposited in institution's mail system: 11/27/23
INFORMAL BRIEF FOR HABEAS

I am an inmate confined in an institution and deposited my notice of appeal in the institution's internal mail system. First-class postage was prepaid either by me or by the institution on my behalf.

I declare under penalty of perjury that the foregoing is true and correct (see 28 U.S.C. § 1746; 18 U.S.C. § 1621).

Signature: Shebri Stacy Dillon   Date: 11/27/23

[*Note to inmate filers*: If your institution has a system designed for legal mail, you must use that system in order to receive the timing benefit of Fed. R. App. P. 4(c)(1) or Fed. R. App. P. 25(a)(2)(A)(iii).]

---

## 2. Jurisdiction

Name of court from which you are appealing: UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA ROANOKE DIVISION

Date(s) of order or orders you are appealing:
SEPTEMBER 21, 2023

## 3. Certificate of Appealability

Did the district court grant a certificate of appealability?  Yes [ ] No [X]

If Yes, do you want the Court of Appeals to review additional issues that were not certified for review by the district court?     Yes [ ] No [ ]   N/A

If Yes, **you must** list below the issues you wish to add to the certificate of appealability issued by the district court. If you do not list additional issues, the Court will limit its review to those issues on which the district court granted the

certificate.

## 4. Issues on Appeal
Use the following spaces to set forth the facts and argument in support of the issues
you wish the Court of Appeals to consider on appeal. You must include any issue
you wish the Court to consider, regardless of whether the district court granted a
certificate of appealability as to that issue. You may cite case law, but citations are
not required.

**Issue 1.** PLEASE SEE ATTACHED (1-8)

**Supporting Facts and Argument.**

**Issue 2.** PLEASE SEE ATTACHED (9-18)

**Supporting Facts and Argument.**

**Issue 3.** PLEASE SEE ATTACHED (18-32)

**Supporting Facts and Argument.**

**Issue 4.** PLEASE SEE ATTACHED (32-37)

**Supporting Facts and Argument**

**5. Relief Requested**
Identify the precise action you want the Court of Appeals to take:

I RESPECTFULLY REQUEST THAT THE VERDICTS BE OVERTURNED AND
THAT I AM AWARDED A NEW TRIAL

**6. Prior appeals (for appellants/petitioners only)**
A. Have you filed other cases in this Court? Yes [ ] No [✓]
B. If you checked YES, what are the case names and docket numbers for those
appeals and what was the ultimate disposition of each?

_Shelbi Stacy Dillon_
Signature
[Notarization Not Required]

_Shelbi Stacy Dillon_
[Please Print Your Name Here]

### CERTIFICATE OF SERVICE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
I certify that on 11/27/23    I served a copy of this Informal Brief on all parties,
addressed as shown below: OFFICE OF ATTORNEY GENERAL - CRAIG STALLARD
202 NORTH NINTH STREET
RICHMOND, VA 23218

_Shelbi Stacy Dillon_
Signature

**NO STAPLES, TAPE OR BINDING PLEASE**

CLAIM #1: PROSECUTORIAL MISCONDUCT / TRIAL COURT ERROR

THE PROSECUTOR INDUCED AND THE COURT ALLOWED PLAIN ERROR WHEN THE PROSECUTOR CONTINUED TO PROSECUTE ME AFTER THE COURT DISMISSED THE FORGERY CONVICTION, THE FOUNDATION OF THE CASE. PLAIN ERROR ON THE TRIAL COURT BECAUSE THE PROSECUTION WAS ALLOWED UNDER THE PRESUMPTION OF FORGERY AFTER THE CHARGE WAS DISMISSED.

IN ROANOKE COUNTY, I WAS CONVICTED OF THREE (3) COUNTS OF UTTERING A FORGED PUBLIC RECORD, GRAND LARCENY, OBTAINING MONEY BY FALSE PRETENSES AND MONEY LAUNDERING — ALL IN RELATION TO MY USE OF A DEED ALLEGED BY THE CRIMINAL TRIAL COURT TO BE FORGED.

I WAS ALSO CONVICTED FOR EVERY ACT I TOOK USING A POWER OF ATTORNEY THAT THE SAME COURT SAID WAS FORGED, RESULTING IN CONVICTIONS FOR EMBEZZLEMENT, OBTAINING CERTIFICATE, AND PERJURY, PLUS CREDIT CARD

1

FRAUD.

THERE IS SIMPLY NO FOUNDATION FOR THIS CASE. THE POWER OF ATTORNEY HAS NO FORGERY OR UTTERING CONVICTION TO SUPPORT THE ASSERTION THAT IT IS FORGED. IT WAS PRESUMED, OR AT THE VERY LEAST, I WAS TRIED FOR IT WITHOUT A CHARGE OR INDICTMENT. THE DISTRICT COURT CONTENDS THAT AN UTTERING CONVICTION SUFFICES, BUT THERE IS NOT ONE FOR THE POWER OF ATTORNEY. ALL UTTERINGS ARE FOR A <u>PUBLIC RECORD</u>, AND BY THE TRIAL COURT'S OWN ADMISSION AT TRIAL, THE POWER OF ATTORNEY IS NOT A PUBLIC RECORD. THERE IS NO CONVICTION TO SUPPORT IT BEING A FORGERY — NOT EVEN AN UTTERING. BASED ON THE PRESUMPTION OF FORGERY, OR BEING CONVICTED OF A CHARGE I WAS NOT ACTUALLY CHARGED WITH, I WAS CONVICTED OF EMBEZZLEMENT, OBTAINING CERTIFICATE OF TITLE AND PERJURY.

THE DEED HAS BEEN THE SUBJECT OF MUCH ARGUMENT ON THIS ISSUE, AS THE DISTRICT COURT OPINED THAT I DON'T UNDERSTAND THAT THE FORGEY WAS DISMISSED BECAUSE THEY CHARGED ME WITH THE WRONG CHARGE. AND THAT UTTERING IS A SEPERATE OFFENSE. I UNDERSTAND THAT, AND NONE OF THAT IS MY ARGUMENT.

MY ARGUMENT AGAIN RELIES ON THE CONVICTIONS BEING FOUNDATIONLESS. THERE IS NO FORGERY CONVICTION AT ALL — IT DOESN'T MATTER WHY IT WAS DISMISSED. WHAT MATTERS IS THAT THERE WAS NEVER ONE FOR THE JURY TO CONSIDER, YET I WAS TRIED FOR IT ANYWAY, OR AT THE VERY LEAST THE FORGERY WAS PRESUMED. THIS IS A VIOLATION OF MY DUE PROCESS RIGHTS.

THE DISTRICT COURT GOES ON TO SAY THAT THE UTTERING OF A FORGED PUBLIC RECORD IS ENOUGH TO

GIVE FOUNDATION TO THE REST OF MY CONVICTIONS, BUT FAILS TO ACKNOWLEDGE THAT A DEED IS LEGALLY UNLIKE ANY OTHER DOCUMENT. IT CANNOT BE DECLARED FORGED IN IT'S PUBLIC RECORD CAPACITY BY A <u>CRIMINAL COURT</u>— THEY <u>DON'T HAVE JURISDICTION</u> FOR SUCH AN ACT. I AM CONVICTED OF UTTERING — OR PRESENTING — A FORGED PUBLIC RECORD BECAUSE I SHOWED THE DEED. THIS DEED IS STILL ON RECORD AS INSTRUMENT NUMBER 201401511 AT THE ROANOKE COUNTY COURTHOUSE AND STILL TRANSFERS TITLE — WHICH A FORGED DEED CANNOT DO. (SEE BLACK'S LAW DICTIONARY). THE CLERK WILL PRESENT THE DEED, AS PART OF THE CHAIN OF TITLE, UPON REQUEST— PERFORMING THE SAME ACT BY SHOWING THE <u>EXACT SAME DOCUMENT</u>. IF I AM GUILTY OF UTTERING A FORGED PUBLIC RECORD, SHE WOULD BE TOO.

THE VERY BASIS OF THE CONVICTIONS IS UPROOTED, AND

4

Two of the convictions conflict, with even the District Court stating that it is impossible for me to be guilty of both. The breakdown is as follows:

(Three) uttering forged public record, all for the deed, calling it a "forged public record" in error, as in it's public record capacity it conveys title - which a forged deed cannot do.

Grand Larceny is for "everything" in the house. There is no itemized list, and my belongings along with my childrens' were inside the home.

Obtaining money by false pretense was for the sale of the property (real estate) to Star City, LLC. Although there was no false pretense. The sale between myself and Star City remains intact. They wired money to my personal checking account, and they received the property. They went on to sell

5

IT AND SUFFERED NO LOSS. THE TRANSACTION AND
TRANSFER OF TITLE STILL STAND. THIS CONVICTION HAS
NO FOUNDATION.

MONEY LAUNDERING IS ALSO FOR THE SALE OF THE REAL
ESTATE. I WAS CONVICTED UNDER THE PREMISE THAT
I USED A <u>FORGED DEED</u> TO FRAUDULENTLY MAKE THE
SALE AND CONVERT MONEY. BUT THE DEED AND THE
SALE, ALONG WITH THE TRANSFER OF TITLE, ARE
<u>STILL INTACT,</u> AND THE MONEY WAS SIMPLY PLACED IN
MY CHECKING ACCOUNT. THERE WAS NO LAUNDERING AND
THE DEED IS LEGAL AS A PUBLIC RECORD, TRANSFERRING
TITLE. THIS CONVICTION ALSO HAS NO FOUNDATION.

CONVICTIONS INVOLVING THE PRESUMED FORGERY OF
THE POWER OF ATTORNEY ARE EVEN MORE FRACTURED. THERE
IS NO UTTERING OR FORGERY TO SUPPORT THE POWER OF ATTORNEY
BEING A FORGERY. — ALL COURTS HAVE IGNORED THE POA EVEN

Though I continue to bring it up. The DMV convictions of perjury and obtaining certificate of title were for my presentation of the Power of Attorney at the DMV, under the basis that it's a forgery. Who decided that? The jury could not have, because there was no charge for them to consider.

The embezzlement and credit card fraud are both for the same bank account, accessed only with the card. For embezzlement, I had to be entrusted with the card; for credit card fraud I had to have stolen it. It simply can't be both. The District Court agreed but said that because my time was ran concurrent on those convictions, no harm was suffered. This is in error. Allowing the jury to convict me of both theories changed the burden of proof and removed the possibility of having a hung jury or

7

NOT GUILTY VERDICT. IT ALLOWED THE JURY TO CONVICT

ME OF EMBEZZLEMENT UNDER THE PREMISE THAT

THOMPSON ENTRUSTED THIS TO ME (WHICH HAS BEEN MY

CONTENTION ALL ALONG) AND TO CONVICT ME OF THE OPPOSING

THEORY OF THE COMMONWEALTH THAT I STOLE EVERYTHING.

THIS ALLOWANCE GUARENTEED MY CONVICTIONS AND REMOVED

THE POSSIBILITY OF A FAIR TRIAL.

¶# ONE CHARGE SUPPORTS THE POA BEING VALID, AND

THE OTHER ONE SUPPORTS THE COMMONWEALTH THEORY. IT

IS FOUNDATIONLESS AND UNFAIR. THE PROSECUTOR WAS

AWARE OF THIS, AS WAS THE TRIAL COURT, MADE EVIDENT

IN THE INTERACTION AT TRIAL WHEN THE FORGERY

CONVICTION WAS STRUCK AND THE PROSECUTION EXPRESSED

CONFUSION ON BEING ABLE TO CONTINUE. THE COURT

ALLOWED A FOUNDATIONLESS, UNFAIR TRIAL AND THE

PROSECUTION CONTINUED KNOWING THIS.

8

## CLAIM #2 : PROSECUTORIAL MISCONDUCT

THE PROSECUTOR MISAPPROPRIATED CASE CONNECTIONS, TAMPERED WITH EVIDENCE, INSTRUCTED THE JURY TO DISREGARD LAW AND SENTENCE ME FOR SOMETHING OTHER THAN WHAT I WAS ON TRIAL FOR, IMPROPERLY VOUCHED FOR WITNESS CREDIBILITY AND FAILED TO DISCLOSE A PLEA DEAL WITH THE STATE'S KEY WITNESS, WHILE THREATENING DEFENSE WITNESSES.

THIS CASE RESULTS FROM INTERACTIONS WITH THOMPSON, WHO WAS MY FRIEND AND ROOMMATE. HE MOLESTED MY GOD-DAUGHTER AND I BECAME STATE'S EVIDENCE AGAINST HIM AFTER HE CONFESSED TO ME IN A PHONE CALL. I WAS SUBPOENAED TO TESTIFY AGAINST HIM BY THE SAME COMMONWEALTH'S ATTORNEY'S OFFICE THAT LATER PROSECUTED ME; AND WAS ASKED BY ASSISTANT ATTORNEY LAVINDER TO KEEP THOMPSON TALKING, PLAYING

9

ALONG WITH HIS ROUSE — INCLUDING THAT I WAS
ELUDING POLICE WITH HIS ASSETS AND FIREARMS, UNTIL
THE SUBPOENA CAME OUT. I DID SO AND THE THREAT
OF MY TESTIMONY WAS USED TO PRESSURE HIM INTO A
PLEA. IT SHOULD BE NOTED THAT IN HIS CASE, HE
NEVER LISTED REAL ESTATE AS AN ASSET — INDICATIVE
OF HIS NO LONGER HAVING IT — FAR BEFORE THE
ALLEGATIONS AGAINST ME AROSE.

HE ALSO DID NOT MAKE THE ALLEGATIONS THAT
I HAD STOLEN ANYTHING UNTIL THE SUBPOENA WAS
PUBLIC, AND ONLY THEN TO HIS EX-WIFE. SHE CONTACTED
POLICE, TELLING THOMPSON ON A JAIL CALL AFTERWARD, TO
WHICH HE REPLIED " WHY DID YOU TELL THEM ABOUT THE
HOUSE?"

THIS IS ALL RELEVANT BECAUSE THE SAME PROSECUTION
STATED TO THE PRETRIAL AND TRIAL JUDGE THAT

THE CASES WERE UNCONNECTED, BARRING ME FROM USING THE LETTER AND PLAYING PHONE CALLS FOR THE JURY THAT THE PROPER CONTEXT OF WAS NOT REVEALED TO THE JURY. THEY HARPED ON MY DISHONESTY WITHOUT REVEALING THAT IT WAS AT THER REQUEST, AND THEY WERE AWARE THAT HE WAS TRYING TO HIDE HIS ASSETS.

THE SUBPOENA WAS ALSO DELETED FROM THE COMMONWEALTH FILE. THE DISTRICT COURT ENTERTAINS THE POSSIBILITY OF ACCIDENTAL OVERSIGHT AND SAYS THERE WAS NO EVIDENCE OTHER WISE. THIS IS UNTRUE. EVERY OTHER SUBPOENA WAS PRESENT BUT MINE, AND WHEN THE PROSECUTOR WAS INFORMED OF IT'S EXISTANCE AT MY APPEAL HEARING, AFTER STATING AT TRIAL THAT MY TESTIMONY WAS NEVER NEEDED, HE NEVER EVEN ASKED TO SEE IT. GIVEN THAT HE BELIEVED I FORGED

DOCUMENTS, HAD HE NOT BEEN HONESTLY AWARE OF THE SUBPOENA'S EXISTANCE, SURELY HE WOULD HAVE ASKED TO SEE IT.

IN HIS CLOSING ARGUMENTS, THE PROSECUTION REQUESTED THAT THE JURY SENTENCE ME FOR SOMETHING I WASN'T ON TRIAL FOR - STEALING A HOUSE. HE ACKNOWLEDGES THAT ONE CAN'T CRIMINALLY "STEAL A HOUSE", ITS OF CIVIL JURISDICTION, BUT HE CONTINUES - OVER AND OVER AGAIN - TO MENTION IT.

" THAT GOES TO THE HEART OF PEOPLE AND THEIR REAL-ESTATE TRANSACTIONS" FOLLOWING: " THE COMMUNITY HAS DEFINITIVE INTEREST IN DETURRING THAT SORT OF FRAUD."

THE DISTRICT COURT UPHELD THIS, (p.19) CITING THAT "CONSIDERATIONS MAY BE ARGUED IN CONNECTION WITH THE PUNISHMENT TO BE ASSESSED FOR THE <u>CRIME</u>."

But the crime was not stealing a house — because real estate is civil and not under the jurisdiction of criminal court. If the purpose was not to have the jury convict me and sentence me for it, then why does he keep saying it at the guilt and sentencing phases of my trial? To say it's "conversational or colloquial" opens a dangerous door for prosecutors to say anything in "conversation" with the jury.

The prosecutor also vouched for the credibility of his witness, who changed her story after I got a protective order on her son, and she had a different story than the handwriting expert. The prosecutor needed her testimony to be believable to convince the jury I forged Thompson's signature. Without it, he had no case,

BECAUSE THE JURY HAD TO DECIDE ) FORGED THE
DOCUMENTS - EVEN WITHOUT A CHARGE TO CONSIDER - TO
ENSURE MY CONVICTIONS. TO VOUCH FOR HER CREDIBILITY,
HE STATES (p.20 OF DIST. CT. OPINION CITES)

"SHE'S PROBABLY ONE OF THE MOST POWERFUL

WITNESSES THAT ANY JURY IS GOING TO EXPERIENCE."

THE DISTRICT COURT CALLS THIS "SUMMARIZING HER TESTIMONY",
BUT HIS STATEMENT IS CLEARLY BASED ON HIS OWN
EXPERIENCES WITH WITNESSES AND JURIES. NO JUROR IS
GOING TO HAVE MULTIPLE EXPERIENCES WITH WITNESSES
IN FRONT OF OTHER JURIES. THIS WAS CLEARLY DRAWN
DIRECTLY FROM HIS OWN EXPERIENCE AND HE USED HIS
PROFESSIONAL POSITION TO LEND CREDENCE TO HER
TESTIMONY. HE GOES ON TO SAY:

"SHE'S SHOWN ABOUT AS MUCH REMORSE AS A PERSON

CAN SHOW" AND THAT "YOU WOULD BE HARD

14

PRESSED TO FIND A PERSON THAT IS SINCERE AND HONEST, WRESTLING WITH THEIR EMOTIONS IN WHAT THEY DID. IT IS VERY, VERY REFRESHING, VERY, VERY REFRESHING."

YET AGAIN HIS WORDS LEND CREDIBILITY TO HER ON THE BACK OF HIS PROFESSIONAL EXPERIENCE. THE JURY DOESN'T REGULARLY TRY CRIMINALS, SO HOW IS IT "VERY, VERY REFRESHING" TO THEM? THIS WAS HIS VOUCHING FOR THE CREDIBILITY OF HIS WITNESS BASED ON HIS PROFESSIONAL POSITION, NOT A SUMMARY OF HER TESTIMONY.

THE PROSECUTOR ALSO ASKS THE JURY TO SENTENCE ME AS A DETURRANT FOR MOB BOSSES, DRUG KING PINS AND FOR FRAUDULENT REAL ESTATE TRANSACTIONS. I WAS A HARD-WORKING SINGLE MOTHER WITH NO PRIOR CONVICTIONS, EVENTUALLY SENTENCED TO 30 YEARS

FOR NON-VIOLENT, FOUNDATIONLESS CONVICTIONS BECAUSE OF MISAPPROPRIATIONS SUCH AS THIS. HE KNEW I WASN'T INVOLVED WITH DRUGS, MUCH LESS A KING-PIN, NOR WAS I A MOB BOSS, AND HE WAS AWARE THE COURT HAS NO JURISDICTION OVER REAL ESTATE, YET HE KEPT MENTIONING IT TO THE JURY ANYWAY.

HE ALSO FAILED TO DISCLOSE THE PLEA DEAL WITH HIS KEY WITNESS, LINDA YOUNG, AND FAILED TO CORRECT HER PERJURED TESTIMONY WHEN SHE SAID SHE WASN'T PROMISED ANYTHING. THE DISTRICT COURT SAID THERE IS NO EVIDENCE OF A DEAL, BUT THIS IS INCORRECT. HER CASE WAS SEVERED FROM MINE, YET IT WAS CONTINUED RIGHT ALONG WITH MINE (DOCUMENTED) EVEN THROUGH MY CONTINUANCES WITH NEW COUNSEL. THERE IS NO OTHER REASON FOR IT OTHER THAN A DEAL TO SECURE HER TESTIMONY AGAINST ME BEFORE THEY

16

GAVE HER MISDEMEANORS AND NO JAIL TIME - STARK IN
CONTRAST TO MY 30 ACTIVE YEARS.

IT SHOULD BE NOTED THAT YOUNG HELD TO HER
ORIGINAL STATEMENTS THAT THOMPSON SIGNED HIS OWN
NAME, EVEN TESTIFYING TO THIS IN MY FIRST PRELIMINARY
WHERE ALL CHARGES WERE DISMISSED. HER STORY CHANGED
IN SEPTEMBER WHEN I TOOK A PROTECTION ORDER OUT ON HER
VIOLENT SON WHO WAS ON FEDERAL PAROLE. AS SOON
AS THE ORDER WAS SERVED, SHE EXPERIENCED HER
SUDDEN "REMORSEFUL CHANGE OF HEART," FABRICATING
HER TESTIMONY TO SAVE HIM. THE PROSECUTOR
KNEW THIS, EVEN TALKED WITH BEDFORD COUNTY ABOUT
IT, AND STILL USED HER PERJURED TESTIMONY.

ALONG WITH DETECTIVE FINNEY, HE THREATENED
THE DEFENSE WITNESSES WITH FALSE PROSECUTION, DOING
EVERYTHING POSSIBLE TO PRESENT MY DEFENSE. THE

17

Threatening of Michael Wagaman is on recording in the Commonwealth's own file. Where they showed up at his probation office threatening to make the "dominoes fall" if he didn't parrot back their story.

The prosecution prevented me from having a fair trial and putting on a defense, resulting in an excessive sentence for foundationless convictions.

CLAIM #3 - Ineffective Trial Counsel

Trial counsel failed to prepare for and inform Dillon of hearings, right to testify and time faced. Overall failure to investigate, request an expert and use evidence Dillon provided. Failure to move to strike and dismiss when forgery charge was struck.

Trial counsel, C. J. Covati, was overall ineffective, has refused to provide any response to my allegations for the Respondent and has since been disbarred for committing similar acts towards other clients.

His ineffectiveness began at the pre-trial process when he failed to inform me of a pivotal pre-trial hearing involving the letter transferred from Thompson's case to mine by the prosecution. I was not aware and was not present as a result. Because of my absence and counsel's lack of understanding, I was barred from using an essential piece of evidence - a letter from Thompson that the jury never saw telling me how to hide his property, and asking me to deal his drugs. I turned this letter over to the Commonwealth instead. The presence of this letter and it's introduction by the

Commonwealth is also evidence of my provided assistance to the Prosecution - which they denied happened at my trial. Counsel's lack of understanding and failure to inform me inhibited my defense.

Counsel failed to inform me of how much time I faced. I had never been in trouble, and did not know that if I went to trial, I would not be sentenced within my personal sentencing guideline range of I day to 6 months. It was not until after I had been sentenced by the Jury that I was made aware by Attorney Rob Dean (seperate counsel) that there were Legislative Guidelines and that I was facing all 39 years. Had I known, I would have been compelled to take the offered plea that was indicated on the trial counsel's print out. The Commonwealth has the only copy of the deal itself in their file - also

REVIEWED BY ATTORNEY ROB DEAN.

COUNSEL PROCEEDED TO TRIAL WITHOUT INVESTIGATING OR HAVING PREPARED, NOT HAVING MET WITH WITNESSES, AND MADE ME DELIVER MY OWN SUBPOENAS BY HAND THE DAY BEFORE COURT, WITH LISTED METHOD OF DELIVERY AS "PRIVATE PROCESS SERVER". THE COURTS HAVE IGNORED THIS ENTIRELY AND THE LEGALITY OF IT.

COUNSEL USED NONE OF THE EVIDENCE I PROVIDED, ENTERING NOTHING ON MY BEHALF, ALTHOUGH IT WAS IN HIS FILE. THE COURTS HAVE CITED STRATEGY AS JUSTIFICATION FOR DISMISSING THIS CLAIM, BUT HE NEVER CLAIMED THAT. AND THERE IS NO VIABLE STRATEGIC REASON TO NOT ENTER EVIDENCE THAT SHOWS I HAD LEGAL POSSESSION OF THE CARD, PUT HIS ITEMS IN STORAGE (NOT STOLEN), GAVE THE REST TO HIS COUSIN UPON HIS REQUEST, AND PROOF THAT THE KEY WITNESS WASN'T

CREDIBLE. COUNSEL RETAINED RECEIPTS WHERE I PUT
MONEY ON THOMPSON'S BOOKS AND THAT OF HIS FRIEND, GOT
THOMPSON A STORAGE UNIT AND A PO BOX, MESSAGES FROM
THOMPSON'S COUSIN, TEXT MESSAGES WITH LINDA YOUNG, ORDER
OF PROTECTION INVOLVING HER SON, PICTURE OF THOMPSON
WITH BANDANA AND POT LEAF HAT, THOMPSON'S FACEBOOK
POST OF HIS "LAST-RITES" ON THE DAY THE DEED WAS
SIGNED, AND A PROTECTION ORDER AGAINST THOMPSON ISSUED
BY THE COURT WHEN I BECAME STATE'S EVIDENCE. ABSOLUTELY
NOTHING WAS USED. HE LEFT ME DEFENSELESS.

HE ALSO HAD TEXTS AND EMAIL EVIDENCE THAT
THE PROSECUTION HAD THREATENED WITNESSES. THIS IS ONE
OF THE MANY THINGS HE TOLD THE JURY HE WOULD
PRODUCE WHEN HE GAVE HIS OPENING STATEMENT, BUT
PRODUCED NONE OF IT, FRACTURING THE CREDIBILITY
OF THE DEFENSE. EVEN WORSE, HE TOLD THE JURY

IN OPENING THAT THE PROSECUTION HAD NO ONE THAT WOULD SAY I FORGED THE DOCUMENT – WHICH WAS THE ONLY THING THEY HAD WITH LINDA YOUNG. THIS DISPLAYS HIS LACK OF PREPAREDNESS. THIS ISSUE HAS ALSO BEEN SKIPPED OVER BY LOWER COURTS, DESPITE MENTIONING IT AGAIN AND AGAIN. HE PROMISED THE JURY ITEMS AND TESTIMONY HE DIDN'T DELIVER – BUT HAD, AND TOLD THEM THE STATE DIDN'T HAVE THE ONE THING THEY DID. THERE IS NO VIABLE STRATEGY OR TACTIC IN THAT.

COUNSEL FAILED TO MOVE TO DISMISS THE CASE WHEN THE FORGERY CHARGE WAS STRUCK DESPITE HAVING AMPLE OPPORTUNITY AND THE PERFECT WINDOW. AS EXPLAINED IN CLAIM I, THE ENTIRE CASE IS FOUNDATIONLESS, HAS CONFLICTING CHARGES AND SHOULD HAVE NEVER PROCEEDED BEYOND THAT POINT. RESONABLE COUNSEL WOULD HAVE MOVED TO DISMISS.

WHEN THE FORGERY CHARGE WAS DISMISSED, COUNSEL
HAD BOTH SITUATIONAL PROMPTING AND A WINDOW.
THE POWER OF ATTORNEY HAD NEITHER AN UTTERING OR A
FORGERY CHARGE TO BE CONSIDERED. THE DEED HAD NOT
BEEN DECLARED A FORGED PUBLIC RECORD BY CIVIL COURT (AND
NEVER WILL). THE CIVIL CASE WAS DISMISSED 2 YEARS AFTER
MY CONVICTION, AND THE DEED WAS LEFT TO CONVEY TITLE,
SOMETHING A FORGED DEED CANNOT DO. THE CLERK WILL
PRESENT THE EXACT SAME DOCUMENT UPON REQUEST THAT
I PRESENTED UPON REQUEST. IF I AM GUILTY OF UTTERING,
SO IS SHE. THIS IS THE EQUIVALENT OF TRYING
SOMEONE FOR MURDER BECAUSE THE EVIDENCE POINTS
TO IT, EXCEPT THEY ARE STILL UP AND WALKING
AROUND. THE GRAVEMAN OF THE OFFENSE ISN'T PRESENT.
THE DEED IS A LEGAL DEED - AND CAN'T BE A
FORGED PUBLIC RECORD

COUNSEL RAISED NONE OF THIS, ALLOWING MY DUE PROCESS RIGHTS TO BE VIOLATED, NOT PRESERVING ANY OF IT FOR APPEAL, AND EFFECTIVELY ALLOWING THE PRESUMPTION OF THE DEED AS A FORGED PUBLIC RECORD AND THE POA A FORGERY.

COUNSEL FAILED TO OBTAIN A HANDWRITING EXPERT TO COUNTERACT THE CONFUSION BY THE STATE EXPERT. AN UNBIASED EXPERT WOULD HAVE CLARIFIED THAT I DID NOT SIGN THOMPSON'S NAME, A SUBJECT THE STATE EXPERT TAP-DANCED WITH, AND THAT IT IS LIKELY HE CHANGED HIS OWN HANDWRITING. COUNSEL RECOGNIZED THE NEED FOR THIS, PRINTING A LOCAL EXPERT'S INFORMATION DATED JUST 1 DAY BEFORE TRIAL.

COUNSEL WAS ALSO INAPPROPRIATE IN HIS INTERACTIONS WITH ME, HUGGING INSTEAD OF SHAKING MY HAND, SHOWING UP UNANNOUNCED AT THE DIVE BAR I WORKED AT, AND

SENDING ME UNREQUESTED PICTURES OF HIS CHILDREN.
THIS STRANGE BEHAVIOR ALTERED OUR INTERACTIONS AS
I DID NOT RETURN HIS ADVANCES, BUT INTERACTED WITH
HIS SECRETARY TO SET APPOINTMENTS, ONLY MEETING
WILLINGLY IN HIS OFFICE. THIS BEHAVIOR CONTRIBUTED
TO A BREAK DOWN IN CLIENT/ATTORNEY COMMUNICATION
AND WITH HAVING TO DELIVER MY OWN SUBPOENAS,
CREATED A CONFLICT OF INTEREST, AS HE LABORED
UNDER HAVING TO PROTECT HIS OWN LIES AND
MISAPPROPRIATIONS.

HE DIRECTLY LIED TO THE COURT AT JURY SENTENCING
REGARDING WITNESSES, TRYING TO COVER HIS FAILURE TO
PREPARE, AND WAS REPRIMANDED BY THE JUDGE IN
FRONT OF THE JURY. WHILE THIS WAS PERHAPS THE
MOST EVIDENT INDICATION OF HIS FAILURE, HE ALSO
FAILED ON SEVERAL OTHER LEVELS. HE FAILED TO INFORM

ME OF MY RIGHT TO TESTIFY, TELLING ME AT THE MOMENT IT BECAME A POSSIBILITY IN COURT THAT IF I TESTIFIED, I WOULD LOSE MY RIGHT TO APPEAL. THE DISTRICT COURT CONTENDS THAT MY TESTIMONY WOULD NOT HAVE MADE A DIFFERENCE, HOWEVER THAT WAS FOR THE JURY TO DECIDE.

COUNSEL ALSO FAILED TO INVESTIGATE THE WITNESSES, NAMELY THOMPSON'S PRIOR BEHAVIORS, FINANCIAL STATUS AND ASSETS — GIVEN HE WAS NOW ALLEGING THAT HE HAD $98,900 WORTH OF ITEMS IN THE HOME BUT WAS RECEIVING MEDICAID, DISABILITY AND FOOD STAMPS, NEEDING A ROOMMATE FOR FINANCIAL ASSISTANCE. (ME). THE ITEMS/OVERALL HOUSEHOLD THAT HE IS CLAIMING SIMPLY DON'T EXIST. AN INVESTIGATION WOULD HAVE PROVEN THIS.

COUNSEL FAILED TO INVESTIGATE AND OBTAIN PRELIMINARY TRANSCRIPTS WHERE BOTH LINDA YOUNG'S TESTIMONY AND

27

THAT OF THE DETECTIVE HAD CHANGED. THIS WOULD HAVE FRACTURED THE CREDIBILITY OF THE KEY STATE WITNESSES. COUNSEL ALSO FAILED TO OBTAIN POLICE REPORTS WHERE THOMPSON'S EX-WIFE REPEATEDLY CAME TO THE PROPERTY- BOTH BEFORE AND AFTER THOMPSON WENT TO JAIL - TO TRY AND TAKE ITEMS. THIS WAS A KEY REASON AS TO WHY THOMPSON PUT THE PROPERTY IN MY NAME AND SHOWS WHY SHE MADE THE INITIAL ALLEGATIONS. AGAIN, WHEN THOMPSON WAS MADE AWARE THAT SHE REPORTED THAT I "STOLE THE HOUSE", HIS RESPONSE WAS "WHY DID YOU TELL THEM ABOUT THE HOUSE". THE JURY NEVER HEARD THIS EITHER. He lied to her NOT EXPECTING HER TO ACT ON IT, BUT JOINED IN WHEN HE FOUND OUT HE COULD COLLECT.

COUNSEL FAILED TO FAMILARIZE HIMSELF WITH THE CASE, INCLUDING THE ELEMENTS OF THE OFFENSES. THE DISTRICT COURT AGREES THIS CLAIM IS SUBSTANTIAL (p.48)

AND THAT ONLY ONE CONVICTION CAN BE VALID. HOWEVER, THE DISTRICT COURT UNREASONABLY APPLIED LAW TO THIS TO SATISFY THE PREJUDICE PRONG BY STATING THAT THERE IS NO RISK OF ADVERSE COLLATERAL CONSEQUENCES EVEN THOUGH ONE CONVICTION IS PLAINLY WRONG, BECAUSE THE SENTENCES FOR THOSE CONVICTIONS WERE RAN CONCURRENT. THIS IS IN ERROR.

THE FACT REMAINS THAT I WAS CONVICTED BY A JURY OF TWO DIFFERENT - AND CONFLICTING - THEORIES, REMOVING ANY REQUIREMENT FOR ALL JURORS TO AGREE ON ONE HAPPENING - EFFECTIVELY CHANGING THE BURDEN OF PROOF. THIS WAS NOT A PLEA DEAL WHERE THE SENTENCE WAS THE ONLY COLLATERAL CONSEQUENCE, BUT A TRIAL WHERE SUCH ALLOWANCES MAKE A FINDING OF INNOCENCE IMPOSSIBLE IF THE JURY IS ALLOWED TO HAVE CONVICTIONS FOR ALL THEORIES, ONES THAT ARE IMPOSSIBLE

TO CO-EXIST.

THE DISTRICT COURT ALSO CONTENDS IN SEVERAL
PORTIONS OF THEIR OPINION THAT I AM BEING UNTRUTHFUL
ABOUT TAKING THE $3,000.00 FROM THOMPSON'S ACCOUNT,
LEAVING HIM WITH "NOTHING" (p.42) AND THAT EVIDENCE
SUPPORTS OTHERWISE. THIS IS SEVERELY INCORRECT, AS
A REVIEW OF THOMPSON'S TESTIMONY AT MY TRIAL WILL
REVEAL. HE CLEARLY SAYS HE GAVE POWER OF ATTORNEY
TO HIS OTHER EX-WIFE AFTER ACCUSING ME, AND HAD
HER WITHDRAWL THE MONEY AND PUT IT ON HIS JAIL
ACCOUNT. THIS EVIDENCE MISCONSTRUED IS PART OF
MY RESTITUTION, ACCORDING TO THE DISTRICT COURT.

IT SHOULD BE NOTED THAT THOMPSON MADE ALLEGATIONS
THAT HE THOUGHT I WAS "STEALING" FROM HIM, BUT
HE NEVER ATTEMPTED TO BOND OUT. IF I WERE LIQUIDATING
HIS LIFE, AND HE HAD A BOND AND DIDN'T SIGN ANYTHING

30

OVER TO ME, HE WOULD HAVE PUT IT UP AS COLLATERAL AND BONDED OUT TO PROTECT HIS INTERESTS. BUT HE DID NOT, BECAUSE HE KNEW HE PUT THE PROPERTY IN MY NAME. HE WASN'T EVEN THE PERSON TO MAKE THE ALLEGATIONS AGAINST ME. COUNSEL FAILED TO BRING THIS TO LIGHT AS WELL.

GIVEN THE FACT THAT ALL OF THE CONVICTIONS LACK A PREDICATE OFFENSE, THERE ARE FATAL VARIANCES IN THE INDICTMENTS BECAUSE OF THIS, MEANING THE ELEMENTS OF THE OFFENSES CAN'T BE MET, ALL CONVICTIONS ARE WITHOUT MERIT AND WOULD HAVE NEVER MADE IT TO THIS STAGE HAD COUNSEL MOVED TO DISMISS. COUNSEL'S FAILURE TO INVESTIGATE AND OVERALL FAILURE TO ACT AS GUIDANCE THROUGH THE LEGAL PROCESS AS GUARENTEED BY THE SIXTH AMENDMENT WAS

SO SERIOUS THAT IT RENDERED THE ENTIRE TRIAL UNFAIR. COUNSEL HAS REFUSED TO RESPOND TO THE ATTORNEY GENERAL'S REQUEST FOR AN AFFIDAVIT, EVEN WHEN THE TRIAL/APPEAL/HABEAS JUDGE TRIED TO PROCURE ONE. ALL ASSERTIONS THAT HIS ACTIONS WERE STRATEGIC HAVE FAILED TO STATE WHAT STRATEGY WOULD ACTUALLY EXPLAIN HIS ACTIONS.

### CLAIM #4 - INEFFECTIVE SENTENCING AND APPELLATE COUNSEL

AFTER JURY SENTENCING, COUNSEL FAILED TO OBJECT TO OUTRAGEOUS AND SUBSTANTIATED RESTITUTION, FAILED TO OBJECT TO MY BEING SENTENCED FOR STEALING A HOUSE, AND AN OUTRIGHT REFUSAL TO RAISE CLAIMS OF PROSECUTORIAL MISCONDUCT FOR FEAR OF "CAREER SUICIDE", DISREGARDING MERIT, FILING INADEQUATE BRIEFS.

AFTER JURY SENTENCING, TRIAL COUNSEL HAD A

CONFUSING MEETING WITH ME WHERE THE TIME I FACED KEPT FLUCTUATING. I HAD A CONSULT WITH ATTORNEY ROB DEAN TO CLARIFY AND CONFIRM. IT WAS THEN THAT I WAS INFORMED THAT I FACED ALL 39 YEARS, AND FRIENDS AND FAMILY SCRAMBLED TO RAISE MONEY AND RETAIN DEAN FOR MY SENTENCING BY THE JUDGE AND EVENTUALLY THE APPEAL. A CONTINUANCE WAS GIVEN FOR COUNSEL TO PREPARE.

COUNSEL FAILED TO OBJECT TO SEVERAL ISSUES AT SENTENCING THAT REASONABLE COUNSEL WOULD HAVE ARGUED, ONES THAT WERE ESSENTIAL TO THE FAIRNESS OF MY SENTENCING. THE JUDGE PLAINLY STATED THAT HE HAD NEVER "SENTENCED ANYONE FOR STEALING A HOUSE" BEFORE," AN OFFENSE THAT I WAS NOT CONVICTED OF, AND IS A CIVIL ISSUE BEYOND HIS CRIMINAL JURISDICTION. ROB DEAN

FAILED TO INTERVENE, RESULTING IN A 39 YEAR
SENTENCE FOR A CRIME I WASN'T CHARGED WITH.
THE DISTRICT COURT OPINED THAT I WAS NOT
SENTENCED FOR "STEALING A HOUSE" (p. 50) , YET
THE PAGE RIGHT BEFORE THAT THEY GAVE ME
RESTITUTION FOR IT (p. 49).

I WAS SENTENCED TO PAY AN OUTSTANDING
RESTITUTION AMOUNT OF $98,000 , AN AMOUNT THAT
HAS NEVER BEEN ITEMIZED, BUT BY ALL COURT ISSUED
DECISIONS INCLUDE THE REAL ESTATE. REAL ESTATE
CANNOT BE THE SUBJECT OF LARCENY, AND THAT IS
WHAT THIS IS BEING APPLIED FOR. THE DISTRICT
COURT ALSO INCLUDES THE $3,000.00 THAT BY
THOMPSON'S OWN TESTIMONY, HE HAD MOVED BY HIS EX
WIFE.

COUNSEL ALSO REFUSED TO RAISE THE CLAIM

OF PROSECUTORIAL MISCONDUCT FOR FEAR OF "CAREER SUICIDE", DISREGARDING THE MERIT OF THE CLAIMS. THE DISTRICT COURT RELIES ON COUNSEL NOT HAVING TO MAKE EVERY CLAIM, BUT THIS IS A MATTER OF COUNSEL REFUSING TO MAKE A CLAIM TO PROTECT HIS OWN INTERESTS, NOT BECAUSE OF MERIT OR STRATEGY.

COUNSEL ALSO REFUSED TO RAISE MY ARGUMENTS ON APPEAL OF MY CASE BEING FOUNDATIONLESS WITH NO PREDICATE OFFENSE, THE DEED BEING A LEGAL PUBLIC RECORD AND THE FATAL VARIANCES IN THE INDICTMENTS. HE ALSO REFUSED TO RAISE THE ISSUE OF THE POA BEING PRESUMED TO BE A FORGERY, AGAIN WITH NO PREDICATE OFFENSE AND HE REFUSED TO RAISE THE ISSUE OF THE EMBEZZLEMENT AND CREDIT CARD FRAUD CONFLICTIONS. FOR EMBEZZLEMENT I HAD TO BE ENTRUSTED AND FOR CREDIT

CARD FRAUD, I HAD TO TAKE IT WITHOUT HIS KNOWLEDGE.

THIS REMOVED THE "BEYOND A REASONABLE DOUBT" BURDEN

OF PROOF, ALLOWING ME TO BE CONVICTED OF BOTH

POSSIBILITIES. HAD COUNSEL APPEALED THIS, A NEW TRIAL

WOULD HAVE BEEN AWARDED. HE REFUSED IN A LETTER

(ATTACHED TO HABEAS) REFERRING ME BACK TO TRIAL COUNSEL

FOR THE REASON FOR THE EMBEZZLEMENT CONVICTION. THE

DISTRICT COURT ASSERTS THE CLAIM HAS NO PREJUDICE

BECAUSE THE SENTENCES WERE RUN CONCURRENT, BUT THIS

IS UNREASONABLE AS THIS ALLOWANCE INFECTED THE

ENTIRE TRIAL AND GUILT PROCESS. THE RAMIFICATIONS

GAVE ALLOWANCES TO THE JURY THAT SHOULD NOT HAVE BEEN,

MAKING IT IMPOSSIBLE FOR INNOCENCE, AND ADDING AN

ADDITIONAL FELONY OF GREAT SIGNIFICANCE. I DIDN'T STEAL

ANYONE'S BANK CARD.

COUNSEL WAS NEVER ASKED BY ANYONE TO PROVIDE

36

AN AFFIDAVIT, AND THESE CLAIMS WERE IGNORED IN STATE COURT. THERE HAS BEEN NO STRATEGY OFFERED THAT WOULD MAKE THIS MAKE SENSE, NOR WAS COUNSEL ASKED FOR ONE. HIS ACTIONS, OR LACK THEREOF ARE UNREASONABLE AND WOULD HAVE HAD IMPACT IN THE FORM OF A NEW TRIAL HAD HE TAKEN THEM.

I APOLOGIZE TO THIS COURT AND THE RESPONDENT FOR MY HANDWRITTEN BRIEF. DUE TO EXTREEMLY LIMITED LAW LIBRARY ACCESS, DESPITE THE EXTENSION, I WAS LEFT WITHOUT CHOICE. I ALSO DO NOT CURRENTLY HAVE ACCESS TO MY CASE FILE AND WAS NOT ABLE TO ATTACH DOCUMENTS. HOWEVER ALL ARE WITH ALL PRIOR SUBMISSIONS AND FILINGS.

THANK YOU FOR YOUR TIME AND SERVICE.

# CERTIFICATE OF SERVICE

I CERTIFY BY MY SIGNATURE BELOW THAT I MAILED A TRUE COPY OF THE FOREGOING INFORMAL BRIEF TO THE OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, MR. CRAIG STALLARD, 202 N. NINTH ST., RICHMOND, VA 23218 ON NOVEMBER 27th 2023 VIA THE INMATE MAILING SYSTEM AT VIRGINIA CORRECTIONAL CENTER FOR WOMEN.

Shebri Stacy Dillon
SHEBRI STACY DILLON
VCCW #1747708
3521 WOODS WAY
STATE FARM, VA

Shebri Stacy Dillon #1747708
PO Box 1
Goochland, VA 23063

CLERK
U.S. C
1100 E
Richm

LEGAL MAIL



US POSTAGE IMI PITNEY BOWES

CORRECTION

ZIP 23063
02 7W
0008027470 NOV 29 2023

$ 002.79⁰

...URT OF APPEALS, Fourth Circuit
...ST MAIN STREET, 5ᵗʰ Floor
...d, VA 23219

RECEIVED
U.S. MARSHALS